IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLENN K. MIZUKAMI, | ) | Civ. NO. 09-0550 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT; |
| vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| DONNA C. EDWARDS; THOMAS D. | ) | WITHOUT PREPAYMENT OF FEES |
| COLLINS III; DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT;
ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

I.  INTRODUCTION.

On November 17, 2009, Plaintiff Glenn K. Mizukami filed a Complaint. Concurrent with the filing of his Complaint, Mizukami filed an Application To Proceed Without Prepayment of Fees ("Application"). As the Complaint fails to state a claim that can be brought in this court, the court DISMISSES the Complaint without prejudice and DENIES the Application as moot.

II.  STANDARD OF REVIEW.

A court may deny leave to proceed in forma pauperis at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Tripati v. First Nat'l Bank & Trust, 821

F.2d 1368, 1370 (9th Cir. 1987) (citing <u>Reece v. Washington</u>, 310 F.2d 139, 140 (9th Cir. 1962)).

As a general principle, this court may not exercise appellate jurisdiction over state court decisions.  <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413, 415-16 (1923).  This rule, commonly known as the <u>Rooker</u>-<u>Feldman</u> doctrine, requires that:

> a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

<u>Bennett v. Yoshina</u>, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994)), <u>cert. denied</u>, 525 U.S. 1103 (1999).

The <u>Rooker</u>-<u>Feldman</u> doctrine precludes a district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate.  <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 291 (2005) (noting that the doctrine bars district courts from reviewing challenges brought by state-court losers challenging state-court judgments); <u>see also</u> <u>Allah v. Superior Court of Cal.</u>, 871 F.2d 887, 890-91 (9th Cir. 1989).  Litigants who believe that state judicial proceedings have violated their constitutional rights must appeal those decisions through their state courts and then to the Supreme Court.  <u>See</u> <u>Feldman</u>, 460 U.S. 482-483; <u>Bennett</u>, 140 F.3d

at 1223 (noting that "[t]he rationale behind [the Rooker-Feldman doctrine] is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). "[The] distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle, and difficult to make." Id. If the federal constitutional claims presented to a court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision. Id.

III.   BACKGROUND.

Mizukami's Complaint attempts to lay out the history of the parties' various disputes in Family Court and the Hawaii Intermediate Court of Appeals regarding custody and child-support payments. Mizukami and Donna C. Edwards were previously married. On August 2, 1991, they divorced. Compl. ¶ 3. In 2000, the parties went to Family Court in the State of Hawaii to address issues such as child-support. Id. ¶ 15. The Family Court judge's order was appealed to the Intermediate Court of Appeals, which allegedly affirmed the Family Court judge's order. Id. ¶ 15a. In 2002, the parties again went to Family Court to

determine custody rights.  Id. ¶ 16.  It appears that Mizukami argued that there had been a change in circumstances requiring amendments to the custody or visitation orders.  Id. ¶ 17.  It is unclear from the Complaint what occurred.

Again, in 2004, the parties were in Family Court disputing some issues.  Id. ¶ 18.  The Family Court judge's order was appealed.  Id. ¶ 19.  In 2009, the Intermediate Court of Appeals issued a ruling relating to this dispute that Mizukami characterizes as "defeating due course of justice, finally denying Plaintiff equal protection of the laws."  Id. ¶ 20.

Mizukami asks for relief from this court.  Mizukami asks the court for an injunction from "all orders & judgments" issued by the Family Court and Intermediate Court of Appeals.  Id. ¶ 22.  Mizukami argues that he was denied equal protection of the laws.  Id. ¶ 21.  Mizukami wants to be reimbursed for what he says is overpaid child-support, attorneys' fees, and Rule 11 expenses.  Id.

IV.        ANALYSIS.

The present action is essentially an attempt by Mizukami to have this court review and overturn state court judgments[1] determining child custody and other disputes arising

---

[1] Mizukami seeks relief from all orders and judgments entered in state court.  It appears from the allegations in the Complaint that the state court decisions were final, as Mizukami appealed the decisions to the Intermediate Court of Appeals and the Hawaii Supreme Court denied certiorari. To the extent any order in state court is not final, this court is aware that the Rooker-Feldman

4

from the parties' divorce in 1991.  However, this court cannot review these claims.  Pursuant to the Rooker-Feldman doctrine, this court cannot review and overturn the final determinations of a state court.  See Napolitano, 252 F.3d at 1029.  Mizukami's Complaint, construed most favorably to Mizukami, at most alleges that Mizukami's constitutional rights were violated.  The sole basis for this argument is that the proceedings and judgments entered in state court were erroneous.  However, if the court were to adjudicate this claim, this court would have to review the state court proceedings, which it is barred from doing.  See Napolitano, 252 F.3d at 1029 (noting that if federal constitutional claims are "inextricably intertwined" with the state court's judgment, then the district court may not review the state court's decision).

V.        CONCLUSION.

This court thus dismisses Mizukami's Complaint and denies his Application as moot.  The Clerk of Court is ordered to close the case.

---

doctrine would not apply.  See Exxon Mobil Corp., 544 U.S. at 284.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 18, 2009.



/s/ Susan Oki Mollway

Susan Oki Mollway

Chief United States District Judge

Mizukami v. Edwards, et. al., Civil No. 09-0550 SOM/BMK; Order Dismissing Complaint and Denying Application as Moot.